PER CURIAM.
Petitioner Brown is confined at Lawtey Correctional Institution in the custody of the Department of Corrections. On February 5,1986, Brown petitioned this Court for a writ of mandamus directing respondent Florida Parole and Probation Commission to exercise its discretion in granting or denying parole. The petitioner alleged that the commission had erroneously assigned a presumptive parole release date (PPRD) of July 29, 1988, instead of the correct PPRD of September 29, 1985. The clerk of the court brought the purported error to the attention of the commission and on March 5, 1986, by special commission action, the PPRD was corrected to September 29, 1985. This, of course, meant that petitioner's PPRD had long since passed and the commission should have proceeded forthwith to establish an effective parole release date (EPRD) for petitioner.
On March 14, 1986, Brown petitioned this Court for a writ of habeas corpus pointing out that his correct PPRD was September *719 29,1985, and requesting that he be immediately released or granted other, further and different relief. The certificate of service indicated copies had been forwarded to the attorney general and the Department of Corrections. On April 7, 1986, Brown petitioned this Court for the status of his habeas petition. On April 8, 1986, we advised Brown that an interview had been scheduled for the purpose of setting an EPRD, and that the report of the examiner had been received by the commission for review and a decision on April 23, 1986. Our response was based on information obtained from commission staff. In addition, on April 16, 1986, we issued an order to show cause before May 1, 1986, as to why Brown’s petition should not be granted. The date of May 1 contemplated that respondents would have sufficient time to incorporate into their responses the decision of the commission on an EPRD scheduled to be made on April 23, 1986.
On April 29, 1986, respondent commission filed a motion to dismiss the petition for writ of mandamus alleging that petitioner had not exhausted other remedies and that the commission should be given an opportunity to correct the PPRD in an “orderly manner.” On April 30, 1986, respondent attorney general moved for an extension of time to answer the show cause order. However, the following day respondent attorney general moved to consolidate the petitions for writs of habeas corpus and mandamus and to adopt the response of the commission in its motion to dismiss. The attorney general averred that the sole issue was the propriety of the PPRD. On May 9, 1986, petitioner, pro se, replied by pointing out that the commission had already corrected the PPRD to a date long since passed and that the responses to the order to show cause were evasive and insufficient.
On May 19,1986, we granted the petition for writ of habeas corpus and directed the commission to release petitioner on parole immediately. On May 21, 1986, respondent commission filed a motion for rehearing or rehearing en banc and request for clarification which, for the first time, recognized that the commission had erred in computing the PPRD, and stating, for the first time, that the commission had declined to set an EPRD because petitioner’s parole release plan did not contain an acceptable residence. The explanation given for the unresponsive and inaccurate response to our order to show cause was that copies of the special commission action of March 5, 1986, and the commission action of April 23, 1986, had not been “incorporated” into the files when the April 29, 1986, response was “drafted.” We granted the motion for clarification and heard oral argument on June 2, 1986.
At oral argument, commission counsel further represented to this Court that the petition for writ of habeas corpus had not been received. We note that co-respondent attorney general referred to the petition in its response to the order to show cause and that counsel offered no satisfactory explanation for the commission’s gross mishandling of this matter. Whatever internal shortcomings may be involved are the responsibility of the commission. It is apparent that those responsible for preparing the commission’s response to the order to show cause were remarkably ill-informed on the facts of the case and apparently made no effort to coordinate the response with that of the attorney general. It is also apparent from the responses of counsel at oral argument that the commission still did not recognize that its mishandling of the matter had transformed a routine question into one requiring an appearance before the Court of the chairman and general counsel. Performances such as this in responding to an order to show cause expose those responsible to possible contempt of court proceedings.
We amend our order by granting the petition for writ of mandamus and remanding the matter for commission action. The commission is directed to move forthwith to establish an EPRD for petitioner and to report back to this Court no later than June 30, 1986, on the status of petitioner Brown.
It is so ordered.
*720 BOYD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ„ concur.
McDONALD, J., concurs in result only.